IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NATIONWIDE PROPERTY & CASUALTY** | : | **CIVIL ACTION** |
| **INSURANCE COMPANY** | : | |
| *Plaintiff* | : | **NO. 16-1010** |
| | : | |
| **v.** | : | |
| | : | |
| **RONALD ZATYKO** | : | |
| *Defendant* | : | |

NITZA I. QUIÑONES ALEJANDRO, J.                                                              NOVEMBER 16, 2016

# MEMORANDUM OPINION

**INTRODUCTION**

      Presently before this Court is the *motion to dismiss or, alternatively, stay*, [ECF 8], filed by Defendant Ronald Zatyko ("Defendant" or "Zatyko"), in which Defendant requests that this Court decline to exercise jurisdiction over the underlying declaratory judgment action filed by Plaintiff Nationwide Property & Casualty Insurance Company ("Plaintiff" or "Nationwide"), dismiss the action for failure to include an indispensable party, strike certain material included in the complaint, and stay the action pending the underlying state court action. Plaintiff opposes the motion in all respects. [ECF 9]. The parties have briefed the issues raised in the motion, and these issues are ripe for disposition. For the reasons stated herein, Defendant's motion is denied in its entirety.

**BACKGROUND**

      Nationwide filed a complaint against Defendant seeking a declaratory judgment under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and a determination of the rights and duties between Nationwide and Defendant with respect to insurance coverage for the defense and/or

indemnification of Defendant in an underlying state action pending in the Superior Court of New Jersey Cumberland County, Law Division, Case No. Cum-L-810-15 605-P.1.  [ECF 1; Compl.].

The underlying state court action was filed on November 5, 2015, by Nicholas Fiocchi ("Fiocchi") against Ronald Zatyko, also the Defendant in this matter.  In that action, Fiocchi alleged that Zatyko assaulted him following a verbal argument that occurred earlier that same evening.  [*Id*. at Ex. B; State Court Action Compl.].  In this state court action, the plaintiff's complaint couches the claim against Defendant as one sounding in negligence; *to wit*: "Defendant Ronald Zatyko did then negligently and without provocation assault Plaintiff Nicholas Fiocchi causing Plaintiff to sustain serious injuries."  [*Id*.].  Defendant sought defense and indemnification from Nationwide for the state court action, and Nationwide is currently providing him a defense under a reservation of rights.

In this federal action, Nationwide seeks a declaration that it owes no duty to defend and/or indemnify Zatyko in the state court action, premising its argument on the application of various policy exclusions in the homeowner's insurance policy; in particular, exclusions for damages caused by an insured's intentional or criminal conduct.  Plaintiff in this declaratory judgment action was not, and is not, a party in the underlying state action.  However, Plaintiff issued a homeowners insurance policy to Janine and Ron Zatyko, parents of Defendant, which provides insurance coverage for certain occurrences involving the "insureds," a term both parties concede included Defendant.  Of note, Defendant has not sought a declaratory judgment on the coverage issue in any court.

**DISCUSSION**

In Defendant's underlying motion to dismiss, or in the alternative, stay this matter, Defendant essentially urges this Court to decline to exercise its discretionary declaratory

judgment jurisdiction because the insurance coverage dispute does not promote any federal interests, particularly in light of the pending state court action. Defendant also seeks the dismissal of this action because Plaintiff allegedly failed to include an indispensable party, *i.e.*, the plaintiff in the underlying state court action, and moves to strike certain allegations contained in the complaint as immaterial and impertinent, and/or requests that this matter be stayed. Each of these "motions" is addressed below.

### *Defendant's Motion to Decline Jurisdiction*

While there is no dispute that this Court possesses jurisdiction over this matter pursuant to 28 U.S.C. § 1332,[1] in the underlying motion, Defendant asks this Court to decline to exercise its discretionary jurisdiction under the Declaratory Judgment Act, premised primarily on his contention that a parallel state law action is pending in New Jersey. As argued by Plaintiff and discussed below, however, there is no parallel state law action pending in the New Jersey Court nor has there ever been such an action. On this basis alone, Defendant's motion is subject to being denied. Notwithstanding, consideration of the relevant so-called *Reifer* factors will be analyzed to determine whether they weigh in favor of this Court exercising jurisdiction.

The Declaratory Judgment Act ("DJA") provides, in its pertinent part, that "any court of the United States . . . *may* declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. §2201(a) (emphasis added). As noted by the Supreme Court, the DJA confers discretionary, rather than compulsory, jurisdiction upon federal courts. *Reifer v. Westport Ins. Corp.*, 751 F.3d 129, 134 (3d Cir. 2014). "This is an exception to the general rule that federal courts have a strict

---

[1] This Court has diversity jurisdiction over this matter since Plaintiff maintains its principal place of business in Ohio, Defendant is a citizen of Pennsylvania, and the amount in controversy appears to exceed $75,000. (Compl. ¶¶2, 4-5).

duty to exercise the jurisdiction that is conferred upon them by Congress." *Id*. (internal quotations omitted). Any determination regarding the propriety of exercising jurisdiction under the DJA is to be made on a case-by-case basis and be "governed by considerations of practicality and wise judicial administration." *Id*. (internal quotations omitted).

In *Reifer*, the Third Circuit Court of Appeals outlined the following set of factors that, to the extent relevant, should be considered by district courts when deciding whether to exercise declaratory jurisdiction:

> (1) the likelihood that a federal court declaration will resolve the uncertainty of obligation which gave rise to the controversy;
>
> (2) the convenience of the parties;
>
> (3) the public interest in settlement of the uncertainty of obligation;
>
> (4) the availability and relative convenience of other remedies;
>
> (5) a general policy of restraint when the same issues are pending in a state court;
>
> (6) avoidance of duplicative litigation;
>
> (7) prevention of the use of the declaratory action as a method of procedural fencing or as a means to provide another forum in a race for *res judicata*; and
>
> (8) (in the insurance context), an inherent conflict of interest between an insurer's duty to defend in a state court and its attempt to characterize that suit in federal court as falling within the scope of a policy exclusion.

*Id*. at 146.

The Third Circuit further held that although "the existence or non-existence of pending parallel state proceedings is but one factor for the district court to consider," this factor is deserving of "increased emphasis," and that "the absence of pending parallel state proceedings militates significantly in favor of exercising jurisdiction." *Id*. at 144. Relying upon *Reifer*, district courts have further held that the absence of pending parallel state proceedings creates a presumption in favor of exercising jurisdiction. *See, e.g.*, *Western World Ins. Co. v. Alarcon and*

*Marrone Demolition*, 2015 WL 3622896, at *2 (E.D. Pa. June 9, 2015); *Nationwide Prop. & Cas. Ins. Co. v. Shearer*, 2015 WL 1186008, at *6 (W.D. Pa. Mar. 13, 2015); *Conroy v. Travelers Home and Marine Ins. Co.*, 2015 WL 4633772, at *2 (W.D. Pa. Aug. 3, 2015).

In *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491 (1942), the United States Supreme Court described a pending "parallel" proceeding as one "presenting the same issues, not governed by federal law, between the same parties." *Id*. at 495. To constitute a parallel state proceeding, it must permit "all matters in controversy between the parties" to "be fully adjudicated." *Id*.

Here, like the cases cited above, there is no pending, parallel state proceeding. The state court proceeding on which Defendant prefaces his argument and this declaratory judgment action meet none of these requirements. First, Nationwide was not a party to the state court action. Second, the issues in this declaratory action, *i.e*., whether Plaintiff has a duty to defend and/or indemnify Defendant, were not raised in the state court action; nor could these issues have been "fully adjudicated" since the state court action involved different parties, issues, and claims. The only instance in which the issues in the case *sub judice* could be raised in state court is if one of the parties commenced a declaratory judgment action in state court. However, no party has done so. As such, when Defendant filed the underlying motion, there was no pending "parallel state proceeding."

As such, the absence of a pending parallel state proceeding in this matter "militates significantly in favor of exercising jurisdiction." *Reifer*, 751 F.3d at 144. There is a presumption in favor of exercising declaratory jurisdiction which can only be overcome if outweighed by the other *Reifer* factors. Notably, Defendant provides little, if any, argument as to the application of the other *Reifer* factors. Instead, Defendant focused his argument on his misplaced contention

that a parallel state action exists.  Notwithstanding, this Court will consider the other *Reifer* factors to ensure that these do not outweigh the presumption in favor of exercising declaratory jurisdiction.

First, contrary to Defendant's suggestion, there can be no question that a declaration by this Court will resolve the uncertainty of Plaintiff's obligations to provide for Defendant's defense and/or indemnity.  Plaintiff's complaint in this case rests primarily upon the interpretation and application of various terms and exclusions in the underlying insurance policy, which are legal determinations federal district courts are routinely asked to make.  Clearly, a decision by this Court will resolve the coverage dispute.  Thus, this factor weighs in favor of this Court retaining jurisdiction.

Second, a declaratory action brought by Plaintiff in state court would likely be filed in Philadelphia, Pennsylvania, because Defendant is a resident of the City of Philadelphia. Litigation in this Court will not be any more inconvenient to the parties than litigating this matter in City Hall, the location of the Philadelphia Court of Common Pleas, which is within seven blocks of this federal courthouse.  Further, the dismissal of this action in favor of a proceeding in state court would delay, however slight, the resolution of the underlying coverage dispute since any such resolution would require commencement of a new action in state court.  As such, this factor weighs in favor of this Court exercising jurisdiction.  *See Scottsdale Ins. Co. v. RSE Inc.*, 303 F.R.D. 234, 240 (E.D. Pa. 2014) ("As to the second factor, the parties are already before us, and thus convenience weighs in favor of exercising our jurisdiction.").

As to the third *Reifer* factor – the public interest in settlement of the uncertainty of obligation – it is deemed a neutral factor with respect to the insurance coverage issues in this action.  *See id.* ("As to the third factor, the public interest in settling the uncertainty of

6

Scottsdale's [coverage] obligation weighs neither for nor against a resolution in federal court."); *Westfield Ins. Co. v. Icon Legacy Custom Modular Homes and Icon Legacy*, 2015 WL 4602262, at *3 (M.D. Pa. July 30, 2015) (same).

The fourth *Reifer* factor – the availability and relative convenience of other remedies – weighs either in favor of this Court's exercise of jurisdiction or is neutral. Though the parties to this litigation could seek the same declaratory relief in state court, to do so now, as stated, would require the commencement of a new action in state court. Because this action already exists, it is arguably more convenient for the parties to litigate their insurance coverage dispute in this federal forum, rather than start anew in state court.

As to the fifth *Reifer* factor, this Court need not exercise a general policy of restraint since the same issues are not pending nor were ever pending in state court. Plaintiff's obligation to defend and indemnify Defendant is not the same issue as Defendant's liability in the state court action. *See Scottsdale*, 303 F.R.D. at 240 ("As to this fifth factor, we need not call upon exercising our general policy of restraint here since the same issues are not pending in state court. Scottsdale's obligation to defend and indemnify RSE is not the same issue as RSE's liability to allegedly injured third parties in the underlying state action.").

Similarly, the sixth *Reifer* factor – keeping jurisdiction to avoid duplicative litigation – weighs in favor of this Court exercising jurisdiction since there currently exists no duplicative litigation in state court. As noted, the legal issues at stake in this case are different from the legal issues implicated by the state court litigation. Therefore, the absence of duplicative litigation weighs in favor of retaining jurisdiction over this matter. As such, both the fifth and sixth factors weigh in favor of this Court's exercise of jurisdiction.

As to the seventh factor, there does not appear to be any concerns about the use of this declaratory action as a method of procedural fencing or as a means to provide another forum in a race for *res judicata*.  This is particularly true since there is no pending parallel state action.

Finally, the eighth *Reifer* factor – inherent conflict of interest between insurer's duty to defend in a state court and its contention that the state court action falls within a policy exclusion – is neutral here.  Though Nationwide is providing Defendant a defense in the state court action under a reservation of rights, Nationwide's argument in this matter that the alleged conduct at issue in the state court action is not covered does not depend on any legal arguments to be made by Zatyko's defense counsel in that action.  *Cf., Westfield Ins. Co. v. Wertz*, 2011 WL 2135579, *3 (E.D. Pa. 2011) (finding no conflict of interest because the parties were not litigating insurance coverage issues in the underlying state action).  Moreover, any inherent conflict would be the same if the insurance coverage dispute was litigated in state court rather than federal court.  *Western World*, 2015 WL 3622896, at *3; *Scottsdale*, 303 F.R.D. at 240.  As such, this factor is neutral.

In summary, after balancing the relevant factors outlined in *Reifer*, this Court finds no reason to decline its discretionary authority to maintain jurisdiction over this matter.

### *Defendant's Motion to Dismiss for Failure to Join Indispensable Party*

Defendant next seeks dismissal of this action due to Plaintiff's alleged failure to join as an indispensable party, Mr. Fiocchi, the plaintiff in the underlying state court action.  Without any analysis or substantive discussion of the relevant factors or law, Defendant asserts that "[t]he allegedly injured claimants are indispensable parties in Declaratory Judgment actions between insureds and insurers."  (Def.'s Memorandum at 13).   As argued by Plaintiff, however,

Defendant's bald assertion is directly contrary to the ruling of the Third Circuit Court of Appeals in *Liberty Mut. Ins. Co. v. Treesdale, Inc.*, 419 F.3d 216 (2005).[2]

In *Treesdale*, the appellants, who allegedly suffered various bodily injuries from exposure to asbestos-containing products manufactured by the defendant Treesdale, Inc., argued that they were indispensable parties to the insurance coverage dispute between Liberty Mutual and its insured, Treesdale. *Id*. at 218. The Third Circuit rejected appellants' argument, holding that they were not "necessary parties" required, if feasible, to be joined in the declaratory judgment action to determine coverage between the insured and the insurer, because their interest did not sufficiently relate to the subject of the insurance coverage action. *Id*. at 230; *see also Liberty Surplus Ins. Corp. v. McFaddens at Ballpark, LLC*, 116 F. Supp.3d 447, 462 (E.D. Pa. 2015) (finding that the only necessary parties to the insurance coverage dispute in a declaratory judgment action were the insured and insurer). Under this governing case law, the allegedly injured claimant in the underlying state court action is not an indispensable party and, therefore, Defendant's motion to dismiss on these grounds is denied.

### ***Defendant's Motion to Strike Immaterial and Impertinent Matter***

Defendant moves to strike from Plaintiff's complaint, the attachment of a transcript of an audio recording of Defendant, as well as allegations pertaining to the audio recording. The transcript of the audio recording purportedly contains Defendant's admission, provided during

---

[2] Though Defendant provides no substantive argument, he cites to *Vale Chemical Co. v. Hartford Accident & Indemnity Co.*, 516 A.2d 684 (Pa. 1986), and *General Refractories Co. v. American Mut. Liability Ins. Co.*, 678 F. Supp. 104 (E.D. Pa. 1987), without providing any analysis or discussion of those cases. As the Third Circuit held in *Treesdale*, however, *Vale* has no application to the issue of indispensable parties in a case pending in federal court. *Treesdale*, 419 F.3d at 229 (holding that "since *Vale* is a procedural and jurisdictional ruling, *Erie* does not require the district court to apply Pennsylvania law to resolve Appellants' motion to intervene . . . ."). Defendant's reliance on *General Refractories* is equally misplaced, since that case, unlike this case, involved a matter that had been removed from state court.

the course of Plaintiff's investigation of the insurance claim, that he intentionally assaulted Mr. Fiocchi, the plaintiff in the underlying state action. Plaintiff contends this information should be stricken from the complaint as immaterial and/or impertinent pursuant to Federal Rule of Civil Procedure 12(f) because under Pennsylvania law, resolution of the issue of whether an insurer has a duty to defend is generally limited to the allegations contained within the four corners of the underlying complaint against the insured. While Defendant is correct in stating this general principle, Defendant's argument is misplaced for two reasons.

First, Plaintiff not only seeks a declaration with respect to its duty to defend but, rather, also seeks a declaration with respect to its duty to indemnify. Resolution of the duty to indemnify often turns on the determination of facts outside the initial complaint against the insured. As such, it cannot be said that the facts contained within either the challenged transcript or the related complaint allegations are immaterial or impertinent.

Second, though an insurer's duty to defend is generally determined from a review of the facts alleged within the four corners of the complaint filed against an insured, an insurer need only provide a defense "until it [can] confine the claim to a recovery that the policy [does] not cover." *Cadwallader v. New Amsterdam Cas. Co.*, 152 A.2d 484, 488 (Pa. 1959); *see also Belser v. Rockwood Cas. Ins. Co.*, 791 A.2d 1216, 1219-20 (Pa. Super. Ct. 2002). Indeed, courts have looked to evidence outside of the initial complaint against an insured to decide whether an insurer had a continuing duty to defend an insured. S*ee, e.g.*, *Gardner v. State Farm Fire and Cas. Co.*, 544 F.3d 553, 561 (3d Cir. 2008); *State Farm Fire & Cas. Co. v. Griffin*, 903 F. Supp. 876, 878 (E.D. Pa. 1995). Here, the attached transcript and related allegations pertain directly to the facts underlying the claims asserted against Defendant in the state court action. Thus, it

cannot be argued that these facts are immaterial or impertinent. Defendant's motion to strike, therefore, is denied.

*Defendant's Motion to Stay Pending State Court Action*

Lastly, Defendant moves for an order to stay this matter pending the resolution of the underlying state court action. Defendant essentially argues that the resolution of this insurance coverage dispute is dependent on facts that will be determined in the state court action. Staying this matter until resolution of the state court action, however, would effectively moot Plaintiff's request for the Court's declaration with respect to its continuing duty to defend Defendant in the underlying state court action. In light of the facts alleged in both the underlying state court action complaint and the complaint in this declaratory judgment action, and upon consideration of the relevant *Reifer* factors discussed above, this Court will, in its sound discretion, deny Defendant's motion to stay.

**CONCLUSION**

For the reasons stated herein, Defendant's motion to decline jurisdiction, motion to dismiss, motion to strike, and motion to stay, are all denied. An Order consistent with this Memorandum Opinion follows.

NITZA I. QUIÑONES ALEJANDRO, U.S.D.C. J.