IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NATIONWIDE PROPERTY & CASUALTY INSURANCE COMPANY | : | CIVIL ACTION |
| *Plaintiff* | : | NO. 16-1010 |
| v. | : | |
| RONALD ZATYKO | : | |
| *Defendant* | : | |

NITZA I. QUIÑONES ALEJANDRO, J.                                                                          DECEMBER 20, 2016

# MEMORANDUM OPINION

## INTRODUCTION

Presently before this Court is a *motion for summary judgment*, filed by Plaintiff Nationwide Property & Casualty Insurance Company ("Plaintiff" or "Nationwide") pursuant to Federal Rule of Civil Procedure ("Rule") 56, requesting the entry of judgment in its favor and the issuance of a declaration that it does not owe a further duty to defend or a duty to indemnify Defendant Ronald Zatyko ("Defendant" or "Zatyko") in an underlying court action pending in the Superior Court of New Jersey. [ECF 13]. Defendant opposes the motion. [ECF 14]. The issues raised in the motion for summary judgment have been fully briefed by the parties and are now ripe for disposition. For the reasons stated herein, Plaintiff's motion is granted, and summary judgment is entered in favor of Plaintiff.

## BACKGROUND[1]

Nationwide filed a complaint against Defendant in which it seeks a declaratory judgment

---

[1]   Because an insurer's duty to defend an action against its insured is generally determined on the basis of the allegations contained in the complaint against the insured, the facts set forth in this section are primarily drawn from the state court complaint filed against Zatyko. *See State Farm Fire & Cas. Co. v.*

under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and a determination of the rights and duties, if any, owed Defendant with respect to insurance coverage for the defense and/or indemnification of Defendant in an underlying state court action pending in a New Jersey (the "State Court Action").[2] [ECF 1; Compl.].  In the underlying State Court Action, Nicholas Fiocchi ("Fiocchi") alleged that Ronald Zatyko, following a verbal argument that occurred earlier that evening, assaulted him.  (*Id*. at Ex. B; State Court Compl.).  Fiocchi's complaint (the "State Court Complaint") couched the claim against Defendant as one sounding in negligence; *to wit*:  "Defendant Ronald Zatyko did then negligently and without provocation assault Plaintiff Nicholas Fiocchi causing Plaintiff to sustain serious injuries."  (*Id*. at ¶2).  Notably, the State Court Complaint contains very little by way of factual allegations, and is limited to just four numbered paragraphs.  (*See generally id*., Ex. B).  Significantly, for reasons described more fully below, a fair reading of the State Court Complaint reveals that it contains no allegations that Defendant consumed any alcohol, was intoxicated, or that he was in any way cognitively impaired by any alcohol consumption or lacked awareness of his actions in any way.  (*Id*.).

Defendant sought a defense and indemnification from Nationwide for the State Court Action under a homeowner insurance policy that Nationwide had issued to Defendant's parents, Janine and Ron Zatyko.  The policy provides insurance coverage for certain occurrences involving the "insureds."  The parties concede that Defendant is an insured under the policy.  Nationwide is currently providing Zatyko a defense under a reservation of rights.

---

*Estate of Mehlman*, 589 F.3d 105, 108 n.3 (3d Cir. 2009) (citing *Donegal Mut. Ins. Co. v. Baumhammers*, 938 A.2d 286, 290-92 (Pa. 2007)).

[2]   The underlying State Court Action, Cumberland County, Law Division, Case No. Cum-L-810-15 605-P.1, was filed on November 5, 2015, by Nicholas Fiocchi ("Fiocchi") against Ronald Zatyko, the Defendant in this matter.

In this federal action and through its underlying motion for summary judgment, Nationwide seeks judgment and a declaration that it owes no further duty to defend and/or indemnify Zatyko in the State Court Action. Nationwide relies on the definition of a covered "occurrence" and the application of various exclusions in the homeowner insurance policy; in particular, exclusions for damages caused by an insured's intentional conduct.

Specifically, the Nationwide insurance policy defines an occurrence as follows:

> "OCCURRENCE" means **bodily injury** or **property damage** resulting from an accident, including continuous or repeated exposure to the same general condition. The **occurrence** must be during the policy period.

(*See* Homeowner Insurance Policy, attached to the Complaint as Exhibit A, at p. G1) (emphasis in original). The insurance policy also contains two relevant exclusions which read as follows:

> **Liability Exclusions**
>
> (Section II)
>
> Coverage E – Personal Liability and Coverage F – Medical Payments to Others do not apply to **bodily injury** or **property damage**:
>
> a)  by an act intending to cause harm done by or at the direction of any **insured**.
>
> This exclusion does not apply to corporal punishment of pupils.
>
> b) caused by or resulting from an act or omission which is criminal in nature and committed by an **insured**.
>
> This exclusion 1.b) applies regardless of whether the **insured** is actually charged with, or convicted of a crime.

(*Id*. at p. H1) (emphasis in original).

**LEGAL STANDARD**

Rule 56 governs the summary judgment motion practice. Fed. R. Civ. P. 56. Specifically, this rule provides that summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id*. A fact is "material" if proof of its existence or non-existence might affect the outcome of the litigation, and a dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). Under Rule 56, the court must view the evidence in the light most favorable to the non-moving party. *Galena v. Leone*, 638 F.3d 186, 196 (3d Cir. 2011).[3]

Here, though Nationwide's underlying motion is one for summary judgment, it relies upon a legal interpretation of the underlying insurance policy, rather than an analysis of facts or evidence. As set forth more fully below, whether an insurer owes a duty to defend an insured in litigation brought against the insured is generally determined from a review of the allegations contained in the complaint against the insured and the language of the insurance policy at issue.

---

[3] Generally, Rule 56(c) provides that the movant bears the initial burden of informing the court of the basis for the motion and identifying those portions of the record which the movant "believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). This burden can be met by showing that the nonmoving party has "fail[ed] to make a showing sufficient to establish the existence of an element essential to that party's case." *Id*. at 322. After the moving party has met its initial burden, summary judgment is appropriate if the nonmoving party fails to rebut the moving party's claim by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials" that show a genuine issue of material fact or by "showing that the materials cited do not establish the absence or presence of a genuine dispute." *See* Rule 56(c)(1)(A-B). The nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp*., 475 U.S. 574, 586 (1986). The nonmoving party may not rely on bare assertions, conclusory allegations or suspicions, *Fireman's Ins. Co. of Newark v. DuFresne*, 676 F.2d 965, 969 (3d Cir. 1982), nor rest on the allegations in the pleadings. *Celotex*, 477 U.S. at 324. Rather, the nonmoving party must "go beyond the pleadings" and either by affidavits, depositions, answers to interrogatories, or admissions on file, "designate 'specific facts showing that there is a genuine issue for trial.'" *Id*.

*See Mehlman*, 589 F.3d at 110 (citing *Donegal*, 938 A.2d at 290)).  As such, neither the parties' respective arguments, nor this Court's opinion is reliant upon any disputed facts or evidence.[4]

**DISCUSSION**

Under Pennsylvania law,[5] an insurer's duty to defend is broader than its duty to indemnify.  *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 225 (3d Cir. 2005).  However, "there is no duty to indemnify if there is no duty to defend."  *Id*.  To determine whether Nationwide owes a duty to defend and/or indemnify Zatyko in the underlying State Court Action, the allegations in the State Court Complaint and the language of the insurance policy issued to Zatyko (his parents) must be examined; *to wit*:

> [A]n insurer's duty to defend an action against the insured is measured, in the first instance, by the allegations in the plaintiff's pleadings . . . In determining the duty to defend, the complaint claiming damages must be compared to the policy and a determination made as to whether, if the allegations are sustained, the insurer would be required to pay [the] resulting judgment . . . [T]he language of the policy and the allegations of the complaint must be construed together to determine the insurer's obligation.

*Donegal*, 938 A.2d at 290 (quotations omitted).

If the underlying state court complaint alleges an injury "which may be within the scope of the policy, the company must defend the insured until the insurer can confine the claim to a

---

[4] In its motion for summary judgment, Nationwide argues, *inter alia*, that it is entitled to the requested declaratory judgment in its favor because of various admissions Defendant arguably made when failing to respond to requests for admission that were served on Defendant.  Pursuant to the parties' stipulation, however, which this Court approved, [*see* ECF 21], Nationwide no longer seeks judgment premised upon these alleged admissions.  As such, this argument will not be addressed.

[5] In their respective briefs, both parties rely upon and, therefore, appear to agree that Pennsylvania law applies to this action.  Because the homeowner insurance policy at issue was issued to residents of Pennsylvania (Zatyko's parents), this Court agrees that Pennsylvania law applies to this case.  *See Cat Internet Servs., Inc. v. Providence Washington Ins. Co.*, 333 F.3d 138, 141 (3d Cir. 2003) (holding that "Pennsylvania conflict of laws principles dictate that an insurance contract is guided by the law of the state in which it is delivered.")

recovery that the policy does not cover." *United Servs. Auto. Ass'n v. Elitzky*, 517 A.2d 982, 985 (Pa. Super. Ct. 1986).  However, "[t]o prevent artful pleading designed to avoid policy exclusions, it is necessary to look at the factual allegations in the complaint, and not how the underlying plaintiff frames the request for relief." *Mut. Benefit Ins. Co. v. Haver*, 725 A.2d 743, 745 (Pa. 1999).  The mere allegation of "negligence" in a complaint is insufficient to trigger an insurer's duty to defend.  *See id.* ("[T]he particular cause of action that a complainant pleads is not determinative of whether coverage has been triggered.  Instead it is necessary to look at the factual allegations contained in the complaint."); *Scopel v. Donegal Mut. Ins. Co.*, 698 A.2d 602, 605 (Pa. Super. Ct. 1997) ("[I]n focusing attention upon the *cause of action* pled, [claimants] run afoul of our case law, which dictates that the *factual averments* contained in a complaint determine whether an insurer must defend.") (emphasis in original).  The duty to defend is properly denied where the allegations fall within a clear and unambiguous exclusion of coverage. *Harrison v. Aetna Life & Casualty*, 473 A.2d 636, 636 (Pa. Super. Ct. 1984).

Here, in its motion for summary judgment, Nationwide argues that it does not owe a duty to defend Zatyko in the State Court Action because the facts alleged in the State Court Complaint (1) do not plead a claim that meets the policy definition of a covered "occurrence," and (2) plead a claim that falls within the clear policy exclusion for intentional conduct by an insured. Specifically, Nationwide contends that the facts pled in the State Court Complaint support an intentional assault by Zatyko of Fiocchi, an incident that does not fall within the policy definition of a covered "occurrence," and which is expressly excluded by the clear language of the policy's exclusions.

As stated, the policy at issue provides coverage only for "bodily injury" resulting from an "accident."  In addition, expressly excluded from the policy's definition of a covered

6

"occurrence" are injuries caused by the intentional acts of an insured. The Pennsylvania Supreme Court has held that the term "accident" within an insurance policy means "an unexpected and undesirable event occurring unintentionally, and that the key term in the definition of the 'accident' is 'unexpected' which implies a degree of fortuity." *Donegal*, 938 A.2d at 292. An injury, therefore, is not "accidental" if it was the natural and expected result of the insured's actions. *Lower Paxton Twp. V. U.S. Fidelity and Guar. Co.*, 557 A.2d 393, 398 (Pa. Super. Ct. 1989). Under Pennsylvania law, an insured is not entitled to coverage for damages caused by his intentional assault on another person. *State Farm & Cas. Co. v. Estate of Mehlman*, 589 F.3d 105, 112 (3d Cir. 2009); *Gene's Restaurant, Inc. v. Nationwide Ins. Co.*, 548 A.2d 246, 247 (Pa. 1988) (holding that existence of accident was a "policy requisite," and insurer owed no duty to defend where alleged injuries were not caused by an accident).

Nationwide argues that it has no duty to defend Zatyko in the underlying State Court Action because the facts pled in the underlying State Court Complaint do not allege an injury that was the result of a covered accident/occurrence, but rather plead an intentional assault, an event which is expressly excluded by applicable policy exclusions. Based upon a fair reading of the underlying State Court Complaint, this Court agrees.

In the State Court Complaint, Fiocchi baldly alleges that he was "negligently" assaulted by Zatyko. (State Court Compl. ¶2). The State Court Complaint, however, is conspicuously void of any facts underlying the alleged "negligent assault," other than an averment that the assault occurred sometime after Zatyko had had a verbal argument with Fiocchi earlier that evening inside a bar. (State Court Compl. ¶1). In the absence of such facts, the State Court Complaint merely alleges an assault which, under Pennsylvania law, is an intentional tort. *See Britamco Underwriters, Inc. v. Stokes*, 881 F. Supp. 196, 200 (E.D. Pa. 1994); *Minyard v. City of*

7

*Philadelphia*, 2012 WL 3090973, at *6 (E.D. Pa. July 31, 2012).  An intentional tort of assault is not considered an "accident" and, therefore, is excluded from available insurance coverage.  *Gene's Restaurant*, 548 A.2d at 247.  Thus, in this Court's opinion, the artful and vague pleading of the State Court Complaint, which attempts to characterize an intentional assault as a claim sounding in negligence, is insufficient to trigger Nationwide's duty to defend.

Notwithstanding, in his response to Nationwide's motion, Zatyko argues that resolution of the coverage issues, including the duty to defend, must await final resolution of the underlying State Court Action which might reveal that Zatyko's conduct was not intentional but due to his potential intoxication at the time of the incident.  In his argument, Zatyko relies on various court decisions which provide that an insured's apparent intentional conduct may be overcome by an allegation of intoxication.[6]  Zatyko's reliance on these cases is, however, misplaced as the underlying State Court Complaint does not contain any allegations of his alleged intoxication.

In addition, a similar argument was addressed by the Third Circuit Court of Appeals in *State Farm Fire & Cas. Co. v. Estate of Mehlman*, 589 F.3d 105 (3d Cir. 2009).  In *Mehlman*, the Estate of Thomas W. Mehlman, an insured, sought defense and indemnification under his homeowner's insurance policy issued by State Farm, for a state court action brought against the Estate for injuries suffered by a plaintiff as a result of the insured's actions.  *Id*. at 109.  State Farm provided the insured a defense under a reservation of rights, but filed a declaratory judgment action seeking a declaration that it did not have a duty to defend the insured because the allegations in the underlying complaint against the insured did not assert a claim for a covered occurrence or accident, but rather asserted a claim for intentional conduct, which was not covered.  *Id*. at 109-10.  In the underlying action against the insured, the plaintiff alleged that

---

[6]   For this argument, Zatyko primarily relies upon *IDS Property Cas. Ins. Co. v. Schonewolf*, 11 F. Supp.3d 618 (E.D. Pa. 2015), and the state court cases cited therein.

the insured consumed numerous alcoholic beverages within a short period of time, became visibly intoxicated, and cognitively impaired. *Id*. at 108. In that physical state, the insured, *inter alia*, pointed a loaded gun at the plaintiff several times and pulled the trigger, but the gun misfired each time. *Id*. After an unsuccessful attempt by the police to negotiate the insured's surrender, the insured took his own life with the gun. *Id*. At the time, the insured had a blood alcohol level of 0.21 percent. *Id*. Based on these alleged facts, the plaintiff asserted claims against the Estate for intentional infliction of emotional distress, negligent infliction of emotional distress, assault with a firearm and negligence. *Id*. at 109.

In its ruling, the Third Circuit held that the insurer had no duty to defend its insured. *Id*. at 116. In reaching its decision with respect to the legal effect of a plaintiff's allegation that an insured was intoxicated at the time of the insured's challenged conduct, the Third Circuit held: "[w]e believe the Pennsylvania Supreme Court would agree with the Superior Court's observation in *Martin* that voluntary intoxication ordinarily will not prevent the formation of the general intent necessary for the commission of an assault of the kind Iacono alleges to have suffered." *Id*. at 115. The Court also noted that the underlying complaint did not contain any allegations that the insured had suffered from an alcoholic blackout or had lost awareness of his actions at the time of the assault. *Id*. at 114. In the absence of such allegations, the Court held that "[w]here as here, the injured party does not make allegations indicating that an insured's intoxication prevented him from intending the consequences of his violent behavior, we are satisfied that Pennsylvania law does not permit an insured or his representative . . . to shift responsibility for the damages from his behavior to his insurer." *Id*. at 115.

As in *Mehlman*, the State Court Complaint in this case does not contain any allegation that Zatyko was in the midst of an alcoholic blackout, or lost awareness of his actions. In fact,

unlike the underlying complaint in *Mehlman*, which actually averred the insured's consumption of alcohol and a resultant blood alcohol level over the legal limit, the State Court Complaint is completely silent with respect to alcohol use and/or intoxication.  Indeed, there are no allegations that Zatyko was intoxicated or even consumed any alcohol at all.  In the absence of any such allegations with respect to intoxication, the underlying State Court Complaint contains no facts from which one could infer that Zatyko lacked awareness of his actions.  As such, the factual allegations in the State Court Complaint do not trigger Nationwide's duty to defend.

Defendant's reliance on *IDS Property Cas. Ins. Co. v. Schonewolf*, 11 F. Supp.3d 618 (E.D. Pa. 2015) is also misplaced.  In *IDS*, the underlying complaint against the insured contained several factual allegations to the extent that the insured had consumed alcohol and was intoxicated at the time of the assault.  *Id*. at 621-22.  In light of these allegations as to the intoxication of the insured, the court found that the underlying complaint contained sufficient facts to undermine the insured's intent, thereby triggering the insurer's duty to defend.  *Id*. at 625-26.  As discussed above, however, there are no such allegations of alcohol consumption or intoxication by Zatyko that could similarly convert the apparent assault into a negligent act and trigger Nationwide's duty to defend.

Here, Zatyko's actions, as alleged in the underlying State Court Complaint, cannot be reasonably characterized as anything other than intentional conduct.  Despite the plaintiff's "artful pleading" of a claim sounding in "negligence," the few factual allegations in the State Court Complaint establish an intentional assault for which there is no coverage under the policy, and make no reference whatsoever of Zatyko's consumption of alcohol or intoxication.  As such, the State Court Complaint does not come close to alleging facts that could establish Zatyko's loss of mental control such that his assault of Fiocchi could be deemed an unintentional act, an

accident, or the result of Zatyko's negligence. Accordingly, the pleadings in the State Court Complaint are insufficient to trigger Nationwide's duty to defend. Under these circumstances, Nationwide's motion for summary judgment is granted.

**CONCLUSION**

For the reasons stated herein, Plaintiff's motion for summary judgment is granted. An Order consistent with this Memorandum Opinion follows.

NITZA I. QUIÑONES ALEJANDRO, U.S.D.C. J.